UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STEVEN E. ROUSSEAU,

    Petitioner,

v.

ST. PETER REGIONAL
TREATMENT CENTER,

    Respondent.

Civil No. 08-5831 (DSD/JSM)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.   BACKGROUND**

Petitioner's current habeas corpus petition provides very little information about the history of this case. However, a recent opinion of the Minnesota State Court of Appeals, Rousseau v. Ludeman, No. A07-1756 (Minn.App. 2008), 2008 WL 570915 (unpublished opinion), rev. denied, May 20, 2008, does provide some background information regarding the underlying facts of the case. That opinion reveals the following:

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

> "In 1992, [Petitioner] was civilly committed as mentally ill and dangerous. [Petitioner] was found not guilty of second-degree murder by reason of mental illness. [Petitioner] had an obsession with imagined drug activity, which, he told police, caused him to kill a tenant at his boarding house."

Id. at *1.

In 2000, Petitioner was "provisionally discharged" from his civil commitment, but that discharge was revoked a year later, because Petitioner had "lapse[d] into cocaine use." Id. In 2002, Petitioner was "again provisionally discharged to a group supervised living facility, and in 2004, he was provisionally discharged to independent living." Id. However, in 2005, Petitioner's provisional discharge was again revoked, this time "on an emergency basis," because he stopped taking his medications, dropped out of his treatment program, and "show[ed] signs of mental illness." Id. He was returned to a state institution in St. Peter, Minnesota, and he apparently has been detained there ever since.

After Petitioner was re-institutionalized in 2005, he pursued a series of state administrative and judicial petitions and appeals, seeking to be discharged once again. Id. at *1-2. Ultimately, however, a State Judicial Appeal Panel concluded that Petitioner "did not meet the statutory criteria for provisional discharge." Id. at *2.

Petitioner challenged the Judicial Appeal Panel's ruling by appealing to the Minnesota Court of Appeals. See Minn.Stat. § 253B.19, subd. 5. While that appeal was pending, on December 4, 2007, Petitioner filed a habeas corpus petition in this District Court, seeking relief under 28 U.S.C. § 2254. Rousseau v. State of Minnesota, Civil No. 07-4750 (DSD/JSM) (hereafter "Rousseau I"). Petitioner's federal habeas petition in Rousseau I referred to the various administrative and judicial proceedings that had culminated in the Judicial Appeal Panel's denial of his request for a provisional discharge. Petitioner claimed that the Judicial Appeal Panel's decision was wrong, and that he should

2

have been discharged from his civil commitment, because he is no longer mentally ill. Although Petitioner did not explicitly identify the state court judgment that he was challenging in Rousseau I, it was readily apparent that he was challenging the Judicial Appeal Panel's denial of his request for provisional discharge. Indeed, that is the only possible state court ruling that Petitioner could have been challenging in Rousseau I.

This Court reviewed the petition in Rousseau I pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts, (see n. 1, supra), and found that Petitioner had failed to identify any federal constitutional grounds for challenging the State Judicial Appeal Panel's ruling on his application for a provisional discharge. The Court therefore recommended that Rousseau I should be summarily dismissed, because Petitioner could not be granted a writ of habeas corpus on the claim set forth in his petition.[2] (Report and Recommendation dated December 11, 2007 [Docket No. 3.]) That

---

[2] The Court explained that –

A federal district court may entertain a habeas corpus petition filed by a state detainee 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2254(a).... Wainwright v. Goode, 464 U.S. 78, 83 (1983) (per curiam) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension").

Petitioner's current petition makes no reference to the federal Constitution or any constitutional right or principle. Instead, it appears that Petitioner is simply claiming that he no longer meets the statutory requirements for civil commitment under Minnesota law.

The United States Supreme Court has repeatedly held, however, that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States.' Estelle v. McGuire, 502 U.S. 62, 67 (1991).

recommendation was adopted by the District Court Judge, and Rousseau I was dismissed accordingly. Order dated January 2, 2008 [Docket No. 6]. In sum, the petition was dismissed on the merits, because Petitioner failed to present an actionable habeas corpus claim, (i.e., a claim based on the federal Constitution). See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").[3]

Shortly after Rousseau I was dismissed, on January 15, 2008, Petitioner filed another federal habeas corpus petition in this District. In that case – Rousseau v. St. Peter Regional Treatment Center, Civil No. 08-149 (DSD/JSM) (hereafter "Rousseau II") – Petitioner once again attempted to challenge the State Judicial Appeal Panel's refusal to grant him a discharge from his civil commitment. This petition however, presented an Eighth Amendment claim that had not been raised in Rousseau I. As Petitioner still had an appeal pending before the Minnesota Court of Appeals when he initiated Rousseau II, this Court recommended that Rousseau II should be summarily dismissed, "without

---

>  Again, the present Petitioner has not identified any constitutional basis for the claim set forth in his petition. The United States Constitution is never specifically mentioned, or even alluded to, anywhere in the petition, and nothing in the petition suggests that any federal constitutional principles might be implicated here. Because no federal constitutional dimension can be found in Petitioner's current claim for relief, his habeas petition cannot be entertained in federal court.

Report and Recommendation dated December 11, 2007. [Docket No. 3, p. 3.]

[3] As noted above, Petitioner's state court appeal was still pending when he filed his petition in Rousseau I. It is important to recognize, however, that Rousseau I was not dismissed based on Petitioner's failure to exhaust his state court remedies before seeking federal habeas relief. See 28 U.S.C. § 2254(b)(1); Baldwin v. Reese, 541 U.S. 27, 29 (2004) ("[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies,... thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights") (quotations and citations omitted). Instead, Petitioner's failure to exhaust was overlooked because the petition was being dismissed on the merits.

4

prejudice," because Petitioner had failed to exhaust his state court remedies for this new Eighth Amendment claim. (Report and Recommendation dated February 12, 2008 [Docket No. 13].) Petitioner did not object to that Recommendation, so the case was promptly dismissed. (Order dated March 14, 2008 [Docket No. 14].)

Thereafter, the Minnesota Court of Appeals rejected all of the claims raised in Petitioner's pending state court appeal, and affirmed the State Judicial Appeal Panel's denial of Petitioner's request for a provisional discharge from his civil commitment. Rousseau v. Ludeman, supra. Petitioner sought further review in the Minnesota Supreme Court, but that request was denied on May 20, 2008.

Petitioner's current federal habeas corpus petition was filed on October 23, 2008.[4]

---

[4] Immediately after the Minnesota Supreme Court rejected Petitioner's request for further review in Rousseau v. Ludeman, Petitioner attempted to file another habeas corpus petition in this District. The Clerk's Office, acting on instructions from the Court, refused to file that petition because it was deemed to be a "second or successive petition" to Rousseau I, and had not been pre-approved by the Eighth Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b)(3). On June 26, 2008, Petitioner applied to the Eighth Circuit Court of Appeals for permission to file a second or successive habeas petition in the District Court. (Petition for Permission to file a Successive Habeas Petition, Rousseau v. State of Minnesota, No. 08-2409 (8th Cir. June 26, 2008).) In that request, Petitioner indicated the following:

> I filed a habeas corpus petition in December 2007, but had not exhausted state remedies. Currently, and recently I have exhausted state remedies and would like to challenge confinement.

Id. at 1. The Court of Appeals denied that request on August 21, 2008, stating: "Mr. Rousseau's petition for authorization to file a second or successive habeas application in the district court is denied as inapplicable. Mandate shall issue forthwith." (Judgment, Rousseau v. State of Minnesota, No. 08-2409 (8th Cir. August 21, 2008).) After the Eighth Circuit denied Petitioner's pre-authorization request, he filed his current petition. Although the Court now finds, (as discussed infra), that the present petition – like the previously rejected petition – is a "second or successive petition to Rousseau I," the Clerk was directed to file the present petition, to give the Court an opportunity to explain why Petitioner cannot seek further federal habeas review of his civil commitment, without first obtaining pre-approval from the Court of Appeals.

5

In this case, Petitioner is once again challenging the denial of his request for a provisional discharge from his ongoing civil commitment, and has alleged constitutional violations based on the Eighth Amendment and Fourteenth Amendment.  Because Petitioner's current habeas corpus petition challenges the same ruling that was before the Court in Rousseau I, and again in Rousseau II, the Court finds that Petitioner has filed a "successive petition," which cannot be entertained at this time.

## II.   DISCUSSION

The current federal rule restricting second or successive habeas corpus petitions is set forth at 28 U.S.C. § 2244(b).[5]  Under that rule, a district court cannot entertain a second

---

[5] 28 U.S.C. § 2244(b) provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

 **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

 **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

or successive application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained authorization from the appropriate court of appeals allowing him to file another petition.  28 U.S.C. § 2244(b)(3)(A).   See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive pre-authorization from the Court of Appeals in order for a district court to consider a second or successive application for habeas corpus relief).

The petition now before this Court is Petitioner's third application for federal habeas corpus review of the State Judicial Appeal Panel's ruling on his application for a provisional discharge from his civil commitment.  Because one of those prior cases, namely Rousseau I, was dismissed on the merits (due to Petitioner's failure to plead an actionable federal habeas claim), the Court finds that the present action must be viewed as a "second or successive petition" for purposes of § 2244(b).[6]  Therefore, the present action cannot be

---

**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

[6] It is now clear that Rousseau II also was a second or successive petition, which could have been (and perhaps should have been) summarily dismissed pursuant to § 2244(b)(3).  Although Rousseau II was dismissed "without prejudice" because Petitioner had failed to exhaust his state court remedies for the claim presented in that case, that disposition cannot change the status of the current petition.  The dismissal of Rousseau II

7

entertained without pre-authorization from the Eighth Circuit Court of Appeals. Because Petitioner has not obtained such pre-authorization, his current petition must be summarily dismissed for lack of jurisdiction. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996).

The Court will recommend that this action be dismissed without prejudice, so that Petitioner can resubmit his habeas claims in a new action, if he is able to secure a pre-authorization order from the Court of Appeals as required by § 2244(b)(3)(A). In addition, the Court recommends that the District Court not entertain any future habeas petition challenging the state courts' resolution of Petitioner's request for a discharge from his civil commitment, unless the petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals, as required by § 2244(b)(3).[7]

---

"without prejudice," does not alter the fact that Rousseau I was dismissed on the merits, and that the current petition must therefore be treated as a "second or successive petition" for purposes of § 2244(b).

[7] Although this action must be summarily dismissed for lack of jurisdiction, the Court notes that it would not likely succeed in any event. Petitioner currently contends, as he did in Rousseau II, that the denial of his request for a provisional discharge violates his Fourteenth Amendment right to due process and his Eighth Amendment protection against "cruel and unusual punishment." Even if Petitioner could somehow clear the jurisdictional hurdle posed by § 2244(b)(3), it appears that his current constitutional claims would be summarily dismissed due to non-exhaustion or procedural default, because the record before this Court suggests that he did not raise any such constitutional claims in the state courts. While this Court does not have before it Petitioner's submission to the Minnesota Court of Appeals or Petition for Review directed to the Minnesota Supreme Court, the only issue discussed by the Minnesota Court of Appeals in Rousseau v. Ludeman was whether there was sufficient evidence in the record to support the Judicial Appeal Panel's conclusion that Petitioner should not be discharged from his civil commitment. 2008 WL 570915 at *3-4. The appellate court made no mention in its decision of due process, the Eighth Amendment, or any other federal constitutional issue. See also Response in Opposition to Petition for Successive Habeas Petition by Respondent at 4, Rousseau v. State of Minnesota, No. 08-2409 (8th Cir. July 15, 2008) (stating that none of the proceedings in state court addressed "the constitutionality of [Petitioner's] continued civil commitment. Only the statutory basis for his commitment was at issue.").

8

## III.    RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1.    This action be summarily dismissed without prejudice for lack of jurisdiction; and

2.    The District Court shall not entertain any future habeas petition challenging the state courts' resolution of Petitioner's request for a discharge from his civil commitment, unless the petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals, as required by § 2244(b)(3).

Dated:    November 19, 2008

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by December 8, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those

---

Furthermore, even if the merits of Petitioner's current constitutional claims could be reached in the present action, those claims would likely be denied. The facts set forth in the Minnesota Court of Appeals decision suggest that Petitioner's civil commitment has been repeatedly reviewed in numerous state administrative and judicial proceedings, which have provided ample due process. Further, Petitioner's Eighth Amendment claim is purely conclusory. He contends that he is being medicated for a mental illness that does not exist; but that is a factual issue, which cannot be reviewed de novo in a federal habeas corpus proceeding. Rather, the state court's resolution of that issue is presumed to be correct, and cannot be overturned in the absence of clear and convincing evidence showing that the state courts erred. Lee v. Gammon, 222 F.3d 441, 442 (8th Cir. 2000) (in habeas corpus cases, "a federal court... presumes that the state court's factual determinations are correct," and that presumption "may be rebutted only by clear and convincing evidence").

9

portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.